UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MASTEROBJECTS, INC.,

Plaintiff,

20 cv 3478 (PKC)

-against-

OPINION AND ORDER

AMAZON.COM, INC.,

Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

MasterObjects, Inc. ("MasterObjects"), headquartered in the Netherlands brings this patent infringement action against Amazon.com, Inc. ("Amazon"), headquartered in Seattle, Washington. Amazon asserts that it designed, implemented and managed the accused technology in Palo Alto, California, and their present and former employees who developed the technology reside principally in California. Amazon moves to transfer the action to the Northern District of California for the convenience of the parties, the witnesses and in the interests of justice. 28 U.S.C. § 1404(a). For reasons to be explained, the motion will be granted.

DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer. See S-FER Int'l, Inc. v. Paladion Partners, Ltd., 906 F. Supp. 211, 213 (S.D.N.Y. 1995) (citing Dwyer v. General Motors Corp., 853 F. Supp. 690, 692 (S.D.N.Y. 1994)). The burden of demonstrating the

desirability of transfer lies with the moving party, who must "make a clear and convincing showing that the balance of convenience favors defendant['s] choice." Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995).

The first question is whether this action is one that "might have been brought" in the district to which transfer is sought. TouchTunes Music Corp. v. Rowe Int'l Corp., 676 F. Supp. 2d 169, 172 (S.D.N.Y. 2009). Here, the parties agree that the proposed transferee court is a venue where this case might have been brought. The Northern District of California has subject matter jurisdiction over a patent claim. Amazon is found in the putative transferee district. Thus, this action could have been brought in the proposed transferee court.

Next, the Court considers the following factors in deciding whether to transfer under section 1404(a): "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)) (alteration in D.H. Blair). Other factors that are often considered are the (1) "the forum's familiarity with the governing law," and (2) "trial efficiency and the interests of justice, based on the totality of the circumstances." Scherillo v. Dun & Bradstreet, Inc., 684 F. Supp. 2d 313, 318 (E.D.N.Y. 2010) (Bianco, J.) (quoting Glass v. S&M NuTec, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006)). The district court has broad discretion in balancing these factors. See D.H. Blair, 462 F.3d at 106–07.

1. MasterObjects Choice of Forum

MasterObject's choice of forum is entitled to deference but it is not accorded controlling weight. Here, its choice is afforded somewhat less weight because it is headquartered in the Netherlands and organized under Delaware law and thus a change of venue would not deprive it of the opportunity to be heard in its home forum. See Dickerson v. Novartis Corporation, 315 F.R.D. 18, 32 (S.D.N.Y. 2016) (concluding plaintiff's choice of forum is "substantially diminished" where Southern District of New York was not its home district).

Since moving its headquarters from San Francisco to the Netherlands in 2010, Compl. ¶ 1, MasterObjects, Inc. v. eBay, 4:16-cv-06824 (N.D. Cal. Nov. 28, 2016), Dkt. 1, MasterObjects has brought nine patent suits in the Northern District of California. MasterObjects, Inc. v. eBay, 4:16-cv-06824 (N.D. Cal. 2016); MasterObjects, Inc. v. Google Inc., 4:15-cv-01775 (N.D. Cal. 2015); MasterObjects, Inc. v. Yahoo! Inc., 3:13-cv-04326 (N.D. Cal. 2013); MasterObjects, Inc. v. Google Inc., 4:13-cv-04304 (N.D. Cal. 2013); MasterObjects, Inc. v. eBay, Inc., 3:12-cv-00680 (N.D. Cal. 2012); MasterObjects, Inc. v. Yahoo! Inc., 3:11-cv-02539 (N.D. Cal. 2011); MasterObjects, Inc. v. Microsoft Corp., 3:11-cv-02402 (N.D. Cal. 2011); MasterObjects, Inc. v. Amazon.com, Inc., 3:11-cv-01055 (N.D. Cal. 2011); MasterObjects, Inc. v. Google, Inc., 4:11-cv-01054 (N.D. Cal. 2011). While the same patents are not in suit here,[1] MasterObjects' decision to abandon the Northern District of California as its patent forum of choice is more consistent with forum shopping than concerns about convenience of the parties or witnesses or docket conditions. Indeed, five attorneys from Hosie Rice LLP in San Francisco and two from Heim, Payne & Chorush LLP in Houston, have been admitted pro hac vice as attorneys of record on behalf of MasterObjects. A principal rationale for filing in this District is because a non-party witness is within the Court's subpoena power but that witness is

[1] Amazon claims that the same family of patents and related technology are at issue in these cases.

MasterObjects' patent prosecution counsel, a member of the California bar, who has not claimed he would not appear in the Northern District of California.

This factor tips only slightly in favor of MasterObjects.

2. The Locus of Operative Facts

According to Amazon's Senior Corporate Counsel of Intellectual Property Litigation and Licensing, the accused technology was developed in Palo Alto:

> Amazon's Autocomplete search technology was designed and developed by Amazon's A9 team in Palo Alto, California in or around 2003. Amazon's A9 team continues to manage, operate, and service this technology out of Palo Alto. The engineers most knowledgeable about the inception, design, development, and operation of the Autocomplete technology work in Amazon's facility in Palo Alto. These employees, including Rohit Patki, Andy Sun, Hoshun Yang, Anoop Johnson, Haiyang Zhang, Uma Murthy, Lakshmi Ramachandran, and Xuyang Zheng, are important to Amazon's business and their absence for significant periods of time would adversely affect Amazon.

(Sanford Decl. ¶ 6.)

MasterObjects concedes that "[b]ased on Amazon's representations, California appears to be one locus of operative facts." (Doc 68 at 27.) MasterObjects claims that because New York is the largest city in the U.S., and end users in New York use Amazon's search features as often as any other group of people, New York is also a locus of operative facts. It also points out that Amazon's servers are in Virginia. The facts asserted by MasterObjects do not have the heft or significance of the location of Amazon's development of the accused technology.

The locus of operative facts being in the putative transferee district strongly favors transfer.

3. Convenience of Witnesses and Availability of Process

Amazon identifies ten former employees who were involved in designing and developing the autocomplete search technology that are likely to be trial witnesses. Seven of them reside in California, two in the state of Washington and one in Georgia. (Sanford Decl. ¶ 8; Doc 66 at 11.) It also identifies eight present employees who reside in northern California. (Sanford Decl. ¶ 6.)

On the MasterObjects side, a co-inventor of three of the patents in suit is a resident of the Netherlands. Another inventor who is also CEO of MasterObjects resides in Sweden. While witness travel from Europe to New York may be shorter, substantial travel will be required in all events. See In re Genentech, Inc., 566 F.3d 1338, 1344 (Fed. Cir. 2009) ("The witnesses from Europe will be required to travel a significant distance no matter where they testify."); Cento Group, S.p.A. v. OroAmerica, Inc., 822 F. Supp. 1058, 1061–62 (S.D.N.Y.1993) ("While California is further from Italy than New York, this factor only slightly increases the Plaintiff's inconvenience.").

MasterObjects points out that Joseph O'Malley, one of its former patent prosecution counsel, resides in West Chester, PA. West Chester is 125 miles by road from the Courthouse, but MasterObjects asserts Mr. O'Malley lives 99 miles from the Courthouse "as the crow flies" and hence is within the subpoena power of this Court. See Rule 45(c)(1)(A), Fed. R. Civ. P. The Court accepts this as true but MasterObjects has made no claim that Mr. O'Malley would decline to appear in the Northern District of California if asked by MasterObjects. Mr. O'Malley remains an "active" member of the bar of the state of California. (http://members.calbar.ca.gov/fal/Licensee/Detail/159568, last accessed October 13, 2020; Kaba

Decl. ¶ 39, Ex. 38.) There is no evidence that Mr. O'Malley cannot be enticed to come to testify at trial on behalf of his client or former client.

MasterObjects further points to present or former employees of Facebook, Yahoo! and Google, one of whom "likely" resides in New York, one "likely resides in Massachusetts" and one resides in Belmar, NJ; the last is within the Court's subpoena power. These are individuals who may offer testimony on secondary considerations of non-obviousness and novelty because as would be-inventors they claimed that instant-search was patentable. Testimony of this type could be given by numerous individuals or be the subject of stipulation. Similarly, Amazon points to a host of "prior art" witnesses located in California. There is no reason why the author of the prior art needs to be called at a trial; the thrust of their testimony could be established by introducing the prior art itself or by expert testimony describing it.

Lastly, MasterObjects argues that because Amazon has operations and has posted technical jobs in New York and has employees who may have knowledge on damages in New York, it may wish to call such witnesses at trial. On this record, the argument is speculative.

The convenience of witnesses factor tips strongly in Amazon's favor.

4. The Location of Relevant Documents

The location of relevant documents and relative ease of access to sources of proof weighs on the determination of whether to transfer, however, "[i]n an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." ESPN, Inc. v. Quicksilver, Inc., 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) (citing Angelov v. Wilshire Bancorp, No. 06 Civ. 4223, 2007 WL 2375131, at *4 (S.D.N.Y. Aug. 14, 2007).

The accused technology was developed in Palo Alto, California and relevant documents are located there and not in New York. (Sanford Decl. ¶ 7: "To my knowledge, any documents, including analytics or computer source code documents, relating to Amazon's Autocomplete search technology, would be in NDCA, not in the [SDNY].") "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." In re Genentech, Inc., 566 F.3d at 1345 (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)).

The documents are likely to be in electronic format or are otherwise easily transferable to this district. Accordingly, this factor weighs in favor of transfer but not substantially. See Millennium, L.P. v. Hyland Software, Inc., No. 03 Civ. 3900, 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003) ("Although it is likely that all relevant documents can be transported from state to state in some fashion, for purposes of deciding transfer, the fact that the documents are all currently located in Ohio favors transfer.").

This factor slightly favors transfer.

5. The Convenience and Relative Means of the Parties

Amazon has substantial operations throughout the United States, including in both this district and the putative transferee district. MasterObjects has no operations in this district and is no longer based in the putative transferee district, although it had been headquartered there until 2010.

Both sides are sophisticated business entities with access to substantial resources. No showing has been made that litigating this action in either California or New York would impose an undue hardship on either party, although Amazon's financial strength exceeds MasterObjects.

This factor weighs neutrally in the analysis. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 989 (E.D.N.Y. 1991) (according factor little or no significance absent showing of disparity of means between corporate defendant and individual plaintiff).

6. The Forum's Familiarity with the Governing Law

This action is governed exclusively by U.S. patent law. Judges of both districts are highly conversant with the governing law. This factor is neutral.

7. Trial Efficiency and the Interests of Justice

MasterObjects also argues that this Court's Patent Pilot Project, in which the undersigned is a participating judge and its Patent Local Rules, together with an unsubstantiated claim of a faster time to trial in this district, place this district in a superior position to handle this case. The Northern District of California, too, participates in a Patent Pilot Project and has Patent Local Rules that long predate our own, as well as Model Patent Jury Instructions.

Judges of both districts pride themselves on the prompt disposition of complex and difficult cases. MasterObjects cherry-picks a small sample of cases from two judges of this district, one active and one senior, to suggest that this district is significantly faster in patent cases than the Northern District of California. This is a doubtful proposition. It is the complexity and difficulty of a particular case, as well as competing demands from other cases on a judge's docket, including criminal trials and injunction actions, that combine to affect the timing of the trial of a particular action. In the Covid-19 era, predicting when this case, filed May 4, 2020, will be tried is a matter of speculation. The Northern District of California's excellent reputation for disposing of a heavy docket of technology-based patent cases is well-deserved.

Trial efficiency as a factor in the transfer analysis is neutral.

8. Balancing and the Interests of Justice

Amazon has demonstrated by clear and convincing evidence that balancing all of the relevant factors raised in the submissions of the parties, the interests of justice favor transfer to the Northern District of California. The interests of justice are served because the action can be heard and tried more conveniently to the parties and witnesses in the Northern District of California where the locus of operative facts arose.

CONCLUSION

Defendant's motion to transfer this action to United States District Court for the Northern District of California is GRANTED. (Doc 66). The Clerk shall transfer the action and close the file in this district.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 15, 2020